UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

SHARON BLINCOE,

                Plaintiff,

v.

THE BOEING COMPANY,

                Defendant.

No. C06-718MJP

ORDER GRANTING SUMMARY JUDGMENT

This matter comes before the Court on Defendant Boeing Company's motion for summary judgment. (Dkt. No. 59.) Plaintiff has responded. (Dkt. No. 66.) Having considered Defendant's motion, Plaintiff's response, Defendant's reply (Dkt. No. 67), all documents submitted in support thereof and the record herein, the Court GRANTS Defendant's motion for summary judgment and DISMISSES Plaintiff's case with prejudice.

**Background**

This case arises from Plaintiff Sharon Blincoe's 2004 termination from Defendant Boeing Company. Boeing contends that it fired Ms. Blincoe after years of poor performance. Ms. Blincoe argues that she was fired for discriminatory and retaliatory reasons.

Ms. Blincoe worked in Boeing's Quality Assurance department since 1978. (Moriarty Decl. at 7-8.) Her responsibilities included inspecting airplane parts and assemblies and verifying that processes were being performed correctly. (Greer Decl.¶ 7.) Throughout her tenure, several managers counseled and/or disciplined Plaintiff for various deficiencies in her work, including taking too many "fresh air" breaks, being out of her work area during non-break time, and for accepting and

ORDER - 1

completing fewer tasks than other workers. (Moriarty Decl. at 26-30; Powell Decl. at 5.) Plaintiff, an African-American woman, accused her seniors of discrimination, harassment, and retaliation, (Powell Decl. at 15, 16-22, 34, 42; Moriarity Decl. 117-21) and of ignoring safety issues. (Greer Decl. ¶ 16.) In November 1999, Plaintiff filed a race discrimination lawsuit against Boeing and some of its managers and staff. (Id. at 72-73.) The suit settled in March 2001. (Id. at 113-16.)

Between the settlement of the case in 2001 and Plaintiff's 2004 firing, managers reported that Ms. Blincoe did not perform her job in an acceptable manner, particularly because her productivity was very low. (Greer Decl. at 3-4, 32 & Ex. E.) For example, Ms. Blincoe was completing hundreds, sometimes thousands, of fewer jobs per month than her peers. (Greer Decl. at 3, Exs. A-D.) In the fall of 2003, Boeing issued Ms. Blincoe a written warning (referred to as a "Corrective Action Memorandum" or "CAM") regarding her poor job performance. (Greer Decl. ¶ 12.) In December 2003, Ms. Blincoe received another warning and was informed that her performance would be reviewed in another 60 days. (Id. ¶ 13.) Due to a medical condition, Ms. Blincoe was placed on light work duty. (Id. ¶ 14.) Her review period was extended and she was given performance objectives to meet by May 21, 2004. (Sullivan Decl. ¶ 5.) Ms. Blincoe did not meet the objectives; her productivity was described by her supervisor as "strikingly deficient." (Sullivan Decl. ¶ 9.) During this time, Ms. Blincoe complained that she was being harassed and retaliated against. (Id. ¶ 6; Greer Decl. ¶ 11.) On May 20, 2004, knowing that Defendant had made the decision to discharge her the next day, Ms. Blincoe wrote to Boeing's CEO and threatened to inform the government and news media about safety issues at Boeing. (Powell Decl. 45-46.) Ms. Blincoe also threatened to sue Boeing if the discharge was implemented. (Powell Decl. at 46.) Plaintiff was terminated on May 21, 2004. (Sullivan Decl. ¶ 10.) Her union investigated and found Defendant's actions justified. (Moriarity Decl. at 145-47.)

On February 22, 2005, Plaintiff filed an National Labor Relations Board ("NLRB") charge against her union; the NLRB declined to file a complaint. (Id. at 148-52.) On March 14, Plaintiff filed an Equal Employment Opportunity Commission ("EEOC") charge against Boeing, claiming race

discrimination and retaliation in her discharge; the EEOC found no basis for the allegations and issued a right-to-sue letter on August 26, 2005.[1] (Powell Decl. at 39-40; Moriarty Decl. at 135.) On May 22, 2006, Plaintiff, represented by counsel, filed this lawsuit against Boeing. (Dkt. No. 1.) Her complaint alleges the following claims: (1) Title VII retaliatory discharge; (2) retaliatory discharge under the False Claims Act, 31 U.S.C. § 3730(h); (3) hostile work environment, disparate treatment, and/or retaliation under the Washington Law Against Discrimination. Plaintiff was initially represented by counsel, but in the spring of 2007, Plaintiff's attorneys moved to withdraw and stay the case. (See Dkt. No. 32.) The Court eventually granted the motion to withdraw; Ms. Blincoe now proceeds pro se. (See Dkt. No. 55.)

On July 6, 2007, Defendants filed this motion, requesting that the Court grant summary judgment as to all of Plaintiff's claims. On July 7, 2007, Plaintiff filed a response to Defendant's motion. Plaintiff did not offer any evidence in support of her responsive brief. On August 2, 2007, Plaintiff filed another response. (See Dkt. No. 70.) Boeing replied to both responses and also filed a motion for sanctions, in which it requested that the Court dismiss Ms. Blincoe's case as a sanction for her failure to participate in settlement and mediation processes and for failing to complete discovery. (Dkt. No. 64.) On August 13, 2007, the Court struck the trial date and stayed the case until the Court ruled on the pending motions. (See Dkt. Nos. 73 & 74.)

## Discussion

### I.   Summary Judgment Standard

Summary judgment is appropriate when there is no genuine issue as to material facts and the moving party is entitled to judgment as a matter of law. Fed. R. Civ. P. 56. The party seeking summary judgment bears the initial burden of informing the court of the basis for its motion, and of identifying those portions of the pleadings and discovery responses that demonstrate the absence of a genuine issue of material fact. Celotex Corp. v. Catrett, 477 U.S. 317, 323 (1986). Where the

---

[1] Plaintiff had previously filed an EEOC complaint in 2003 after being issued a "CAM" for poor performance. The EEOC issued her a right-to-sue letter on that charge in April 2004. (Powell Decl. at 41-42.)

ORDER - 3

moving party will have the burden of proof at trial, it must affirmatively demonstrate that no reasonable trier of fact could find other than for the moving party. Calderone v. United States, 799 F.2d 254, 259 (6th Cir. 1986). On an issue where the nonmoving party will bear the burden of proof at trial, the moving party can prevail merely by pointing out to the district court that there is an absence of evidence to support the nonmoving party's case. Catrett, 477 U.S. at 325. If the moving party meets its initial burden, the opposing party must then set forth specific facts showing that there is some genuine issue for trial in order to defeat the motion. Anderson v. Liberty Lobby, 477 U.S. 242, 250 (1986).

Because Ms. Blincoe bears the burden of proof at trial on all of her claims, to defeat Defendant's motion for summary judgment, she needed to come forward with some evidence showing that there is a material issue of fact to be decided at trial on each of her claims. Because Ms. Blincoe offers no evidence at all, Ms. Blincoe has failed to raise an issue of fact regarding any of her claims. Summary judgment in favor of Defendant is therefore appropriate.

**II.     Motion to Strike**

In its second reply, Boeing asks the court to disregard Ms. Blincoe's second response and the documents attached thereto. Attached to the second response was a single e-mail and a 62-page February 25, 2005 "Report on Job Harassment at Renton Facilities" written by Ms. Blincoe and addressed to EEOC Investigator Kari Thompson. The response was filed late, see Local Civil Rule 7(d), and the "Report" is an inadmissable, unauthenticated and unsworn "diary of events" leading to Ms. Blincoe's termination. Although Ms. Blincoe is proceeding pro se, she is still required to follow the local and federal procedural rules. See King v. Atiyeh, 814 F.2d 565, 567 (9th Cir. 1987). She is clearly aware of the scheduling rules, as she filed her first response in a timely manner. Because the Court does not allow second responses, because the second response was filed late, and because the documents attached to the second response are not admissible, the Court STRIKES the second response and the documents attached thereto.

**III.    Title VII Retaliation Claim**

      **A.    Plaintiff's Title VII claim was not timely filed**

Boeing argues that Plaintiff's Title VII claim is time-barred. Whether a suit is time-barred is a question of law, which may be resolved by summary judgment provided there are no genuine issues of material fact in dispute. Hallgren v. U.S. Dept. of Energy, 331 F.3d 588, 589 (8th Cir. 2003). A Title VII retaliation suit must be filed within 90 days from the receipt of the Equal Employment Opportunity Commission's ("EEOC") issuance of a right-to-sue notice. 42 U.S.C. § 2000e-5(f)(1). Plaintiff did not file her lawsuit until May 22, 2006 — more than 260 days after the EEOC dispatched the last right-to-sue letter.

Plaintiff appears to address this issue when she argues that she should not lose "on a technicality" because she did not have sufficient time to "find an attorney." (Dkt. No. 66, at 2.) Courts have "sparingly" allowed "equitable tolling" of the 90-day statutory deadline. See Irwin, 498 U.S. at 95-96. "[T]he principles of equitable tolling ... do not extend to what is at best a garden variety claim of excusable neglect." Id. at 96. Where a claimant fails to exercise due diligence in preserving her legal rights, equitable tolling is not warranted. Id. Plaintiff's argument that she was unable to find an attorney within ninety days of the EEOC issuing the right to sue letter does not justify invocation of the doctrine of equitable tolling. Just as she has proceeded without counsel during the later stages of the litigation, Ms. Blincoe could have filed her complaint without the help of counsel. Her late filing is not excused, and therefore her Title VII claim is time-barred.

      **B.    Plaintiff has not made a prima facie case of retaliation under Title VII**

Even if her claim were not time-barred, Plaintiff has not made a prima facie case of retaliation. An employer violates Title VII by retaliating against an employee who has "opposed any practice made an unlawful employment practice" under Title VII. 42 U.S.C. § 2000e-3(a). To establish a prima facie case of retaliation, Plaintiff must show that: (1) she engaged in activity protected under Title VII, (2) her employer subjected her to an adverse employment action, and (3) the employer's

ORDER - 5

1 action is causally linked to the protected activity. See Thomas v. City of Beaverton, 379 F.3d 802,
2 811 (9th Cir. 2004).

3      Plaintiff argues that she "continued to receive unfair discipline following further complaints in
4 writing to Boeing's EEO, Human Resources, EEOC, and the Union. This resulted in being given an
5 undeserving corrective action ... which was [a] precursor to the wrongful termination." (Plf.'s Resp.,
6 at 5.) But Plaintiff offers no evidence regarding her complaints, nor does she offer any evidence
7 suggesting that the reason she was terminated was linked to her safety complaints, rather than her
8 poor job performance. The evidence presented by Boeing, which is not refuted by Ms. Blincoe,
9 suggests that she made her complaints ("protected activity") in response to disciplinary actions
10 against her. "Post-hoc complaints ... without more [do not] raise a retaliation bar to the proposed
11 discipline because the anti-discrimination statutes do not insulate an employee from discipline for
12 violating the employer's rules or disrupting the workplace." Carrington v. City of Des Moines, Iowa,
13 481 F.3d 1046, 1051 (8th Cir. 2007) (internal citations and quotation marks omitted). Because she
14 cannot make out a prima facie case of retaliation, summary judgment in favor of Defendant Boeing on
15 Plaintiff's Title VII claim is appropriate.

16 **IV.    Claims Under the Washington Law Against Discrimination**

17      Plaintiff alleged three WLAD claims: (1) hostile work environment, and failure to take
18 prompt, reasonable and remedial action, (2) disparate treatment/discrimination in the terms and
19 conditions of employment, and (3) retaliation for opposing and reporting wrongful conduct. (Compl.
20 at 6.) Defendant moves for summary judgment on all of Plaintiff's WLAD claims, arguing that she
21 cannot establish a prima facie case on any of her claims.

22      To establish a prima facie case for a hostile work environment claim, the plaintiff must show
23 that (1) the harassment was unwelcome, (2) the harassment was because of plaintiff's membership in
24 a protected class, (3) the harassment affected the terms or conditions of employment, and (4) the
25 harassment is imputed to the employer. Washington v. Boeing Co., 105 Wn. App. 1, 12-13. To
26 make out a disparate treatment claim, plaintiff must show that she (1) is in a protected class, (2) was

ORDER - 6

terminated, (3) was doing satisfactory work, and (4) was replaced by someone not in the protected class. Chen v. State, 86 Wn.App. 183, 189 (1997). Finally, a prima facie retaliation claim requires Plaintiff to show: (1) that she engaged in statutorily protected activity, (2) that the employer took adverse action against her, and (3) that retaliation was a "substantial factor" behind the adverse employment action. Boeing, 105 Wn. App. at 14. For all three causes of action, if the plaintiff-employee fails to make a prima facie case by establishing facts that support each element of her claim, the employer is entitled to judgment as a matter of law. See Hill v. BCTI Income Fund-I, 144 Wn.2d 172, 181; Marquis v. City of Spokane, 130 Wn.2d 97, 105 (1996); Milligan v. Thompson, 110 Wn. App. 628, 637 (2002).

Plaintiff's WLAD claims fail because she has not offered any evidence suggesting that Boeing terminated her for any reason other than her poor job performance. She has offered no evidence suggesting that she was harassed because of her gender or race, nor has she offered any evidence suggesting that she performed her work in a satisfactory manner. The evidence strongly suggests otherwise. Moreover, she has not suggested that she was replaced by someone who is not a member of a protected class. And as the Court mentioned above, she has failed to offer any evidence indicating that her termination was connected to her complaints. Because she offers no evidence to support her allegations, the Court grants Defendant's motion for summary judgment on Plaintiff's WLAD claims.

**V.     False Claims Act Retaliation Claim**

Defendant argues that Plaintiff cannot establish a prima facie case of retaliation under the False Claims Act ("FCA"). To recover for retaliation under the FCA, an employee must show: "(1) that the employee engaged in activity protected under the statute; (2) that the employer knew that the employee engaged in protected activity; and (3) that the employer discriminated against the employee because she engaged in protected activity." Moore v. Cal. Inst. of Tech. Jet Propulsion Lab., 275 F.3d 838, 845 (9th Cir. 2002). "[T]o come under the anti-retaliation provision of the [FCA], specific awareness of the FCA is not required, but the plaintiff must be investigating matters which are

ORDER - 7

calculated or could reasonably lead, to a viable FCA action." Id.  In turn, an FCA claim requires "some request for payment [from the federal government] containing falsities made with scienter (i.e. knowledge of the falsity and with intent to deceive)." United States ex rel. Hopper v. Anton, 91 F.3d 1261, 1265 (9th Cir. 1996).

Plaintiff argues that certain Boeing airplanes were unsafe.  Plaintiff has offered no evidence supporting that argument.  And even if she had offered such evidence, airplane safety issues or regulatory violations do not form the basis of an FCA claim. See Hopper, 91 F.3d at 1265.  Because Plaintiff has offered no evidence regarding an alleged false claim, Plaintiff's FCA retaliation claim necessarily fails.

## VI. **Claim Based on Washington Public Policy**

Defendant argues that summary judgment is appropriate on Plaintiff's violation of public policy claim. In order to establish a claim for wrongful discharge in violation of public policy, a plaintiff must prove "(1) the existence of a clear public policy (clarity element); (2) that discouraging the conduct in which they engaged would jeopardize the public policy (jeopardy element); and (3) that the public-policy-linked conduct caused the dismissal (causation element)." Hubbard v. Spokane County, 146 Wn.2d 699, 707 (2002).  In addition, "defendant must not be able to offer an overriding justification for the dismissal (absence of justification element)." Id.  Plaintiff does not mention this issue in her response, and presents no evidence regarding a public policy, or a connection between any such violation and her termination.  Summary judgment is appropriate on this claim as well.

## VII. **Defendant's Motion for Sanctions**

In addition to its summary judgment motion, Boeing requests that the Court dismiss Plaintiff's case with prejudice as a sanction for her failure to participate in settlement and for failing to complete discovery.  Given the Court's ruling on Plaintiff's substantive claims, the motion for sanctions is moot.

ORDER - 8

**Conclusion**

Because Plaintiff has failed to offer any evidence supporting her various claims, summary judgment on all of her claims is appropriate. The Court GRANTS Defendant's motion for summary judgment and DISMISSES Plaintiff's case with prejudice.

The clerk is directed to send copies of this order to all counsel of record and to Ms. Blincoe at her last known address.

Dated this 21st day of September, 2007.

*[signature]*

Marsha J. Pechman
United States District Judge

ORDER - 9